UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RIVERA, Booking #16152631,<br><br>         Plaintiff,<br><br>  vs.<br><br>EMURILSH MURILLO; TSIMMOSH SIMMONS; DOMINGUES ADOMISZH; DPATTESH PATTERSON,<br><br>         Defendants. | Case No.: 3:16-cv-2979-LAB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 US.C. § 1915(e)(2) AND § 1915A(b)** |

**I. Procedural History**

  CESAR RIVERA ("Plaintiff"), detained and/or serving his sentence in local custody at the San Diego Sheriff's Department East Mesa Reentry Facility ("EMRF") in San Diego, California, proceeding in pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1). He has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a), but has instead filed a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

## II. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified prison certificate, issued by a Facility Commander at EMRF, and attesting to his trust account activity and balances. (ECF No. 3 at 1). This certificate shows Plaintiff carried an average monthly balance of $.10, and averaged $22.50 in monthly deposits to his account. However, he had an available balance of only $.40 on the books at the time of filing. (*Id.*).

Based on this accounting, the Court assesses Plaintiff's initial partial filing fee to be $4.50 pursuant to 28 U.S.C. § 1915(b)(1), but acknowledges he may be unable to pay even that minimal amount at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact any initial filing fee because his EMRF certificate shows he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander of EMRF, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## III. Initial Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

3

3:16-cv-2979-LAB-JLB

immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  <u>Plaintiff's Allegations</u>

Plaintiff contends that he "and 29 [other] inmates" at EMRF were placed on a "20 day lockdown" from September 21, 2016, through October 9, 2016, and during that time "the staff at Facility 8" denied them showers for a period of 96 hours, and refused them stationary and "hygiene packs." (ECF No. 1 at 3.) Plaintiff "strongly feels" this constitutes "cruel and unusual punishment," and he seeks injunctive relief "relieving

4

[Defendants] from th[eir] dut[ies]," "p[s]yc[h]ologic[al] therapy with counseling," and $780,000 in punitive damages. (*Id.* at 7.)

### C. Representing Others

First, to the extent Plaintiff implies he desires to bring this action on behalf himself and "29 other inmates" (ECF No. 1 at 3, 5), he may not because he is proceeding without counsel, and a pro se litigant has no authority to represent the legal interests of anyone other than himself. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").

### D. Individual Liability

Second, Plaintiff lists several individual San Diego Sheriff's Department Deputies as Defendants, but he fails to allege any facts describing what each of these individuals are alleged to have personally done, or failed to do, to cause his constitutional rights to be violated. *See Iqbal*, 556 U.S. at 676 ("[A] [§ 1983] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Because each state or municipal official can only be held liable "for his or her own misconduct," *id.* at 677, and Plaintiff's Complaint fails to connect any named Defendant to any specific decision, act, or omission related to Plaintiff's alleged deprivations, it fails to state a claim upon which § 1983 can be granted, and must be dismissed in its entirety for this reason alone. *See Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) (plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights); *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

5

3:16-cv-2979-LAB-JLB

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

### E. Cruel and Unusual Punishment

Third, even if Plaintiff had alleged personal participation by any Defendant, his claims of having been denied showers and hygiene packages over a 96-hour "lockdown" period, are insufficient to state a plausible claim for relief under the Eighth Amendment.[2] *Iqbal*, 556 U.S. at 679. Cruel and unusual punishments involve only "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To satisfy this standard, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Under the objective requirement, Plaintiff must allege facts sufficient to show that the defendant official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer*, 511 U.S. at

---

[2] While Plaintiff invokes the "Cruel and Unusual Punishments" Clause, (ECF No. 1 at 2, 3, 5), it is unclear whether he was a pretrial detainee or a convicted prisoner at the time he claims to have been on lockdown at EMRF. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). However, at this stage of the case the difference does not matter, for to state a claim under the Due Process Clause Plaintiff must also allege facts to show that the conditions of his confinement amounted to "punishment" and were not "reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 536-37, 539; *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017). "[A]bsent an expressed intent to punish," a pretrial detainee may be subjected to conditions and restrictions that are "reasonably related to a legitimate government objective," and do not appear "excessive in relation to the alternative purpose." *Bell*, 441 U.S. at 538; *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Bell*, 441 U.S. at 540) (courts must account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in th[e] judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." (alterations in original, internal quotation marks omitted).

834. While indigent inmates have the right to personal hygiene supplies, such as toothbrushes and soap, Plaintiff's Complaint fails to contain sufficient factual allegations to suggest that the denial of a shower or unspecified hygiene items for four days amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. Nothing in Plaintiff's Complaint indicates these deprivation were "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Thus, because Plaintiff fails to allege that his deprivation was so substantial as to affect his ability to maintain his health, *id.*, or allege facts sufficient to satisfy the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his Complaint fails to state an Eighth Amendment claim upon which relief can be granted. *Farmer*, 511 U.S. 837; *Iqbal*, 556 U.S. at 679.

## IV. Conclusion and Order

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of the East Mesa Reentry Facility, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

///

7

3:16-cv-2979-LAB-JLB

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, East Mesa Reentry Facility, 446 Alta Road, Ste. 5200, San Diego, California, 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: April 20, 2017

HON. LARRY ALAN BURNS
United States District Judge